State  
vs.  Ind. No. 16324.  
John H. Lee

June 6, 1932.

O'CONNELL, J. This case came before the Court on defendant's motion for a new trial, based upon the following grounds:

1. Said verdict is against the evidence.

2. Said verdict is against the law.

3. Said verdict is against the law and the evidence.

4. That the defendant has discovered new and material evidence bearing on the issue involved in said matter which he could not have discovered with due diligence in time to have presented at said trial.

When the case was called for hearing on June 3, 1932, John G. Carroll, of defendant's counsel, stated in substance that he recognized the futility of arguing on the first three grounds; that he had expected to argue on the question of newly discovered evidence, but that no affidavits of newly discovered evidence had been filed and that, so far as the record disclosed, there was no newly discovered evidence, and that he supposed there was nothing for the Court to do but to formally deny the defendant's motion for a new trial, so the case could be taken to the Supreme Court.

This Court is of the opinion that the jury was fully justified and warranted by the evidence, in finding the defendant guilty of the crime of abortion. The Court was not impressed with the defendant's explanation and did not believe certain portions of his testimony which were calculated to eliminate him from any criminal responsibility for the death of one Esperalda Maynard and her unborn child. The Court feels that the defendant had a fair and impartial trial, that his conviction was in accordance both with the law and the evidence and that an acquittal in this case would have been a gross miscarriage of justice, which would have enabled a persistent offender to snap his fingers at man-made laws and chuckle at the gullibility of a Rhode Island jury.

In this case, in the opinion of the Court, a conscientious, courageous jury performed its duty faithfully and honestly and rendered a verdict which was

the logical conclusion of its deliberations.

The Court sees no reason to disturb the verdict of the jury and the defendant's motion for a new trial is therefore denied.

For State: Attorney General.

For defendant: Wm. G. Troy.